UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED *EX PARTE*** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-10161-RWZ |
| | ) | |
| SAEED MUHAMMAD, | ) | |
| Defendant. | ) | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this memorandum of law in support of its Motion for Restraining Order relating to the following real properties subject to forfeiture pursuant to 21 U.S.C. § 853:

a. the real property located at 250 Park Street, Dorchester, Massachusetts, which is owned by Robert L. Phifer and Gladys B. Phifer, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 18014, Page 171 at the Suffolk County Registry of Deeds (the "Real Property").[1]

To preserve the *status quo* with respect to the Real Property, while the case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Real Property. As set forth in more detail below, the applicable forfeiture statute expressly authorizes this Court to issue a restraining order where, as here, the United States seeks to restrain property after an Indictment has been filed providing notice that the property is subject to forfeiture.

---

[1] The listed owners of the Real Property, Robert L. Phifer and Gladys B. Phifer, are the parents of the Defendant and are deceased. The Defendant lives in and owns the Real Property.

## Procedural Background

On May 15, 2019, a federal grand jury sitting in the District of Massachusetts, returned a one-count Indictment charging Saheed Muhammad (the "Defendant"), with Managing and Controlling A Building for Distribution and Use of Controlled Substances, in violation of 21 U.S.C § 856(a)(2) (Count One). The building identified in Count One is 250 Park Street, Dorchester, Massachusetts.

The Indictment included a Drug Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture pursuant to 21 U.S.C. § 853, upon conviction of the Defendant of the offense in violation of 21 U.S.C. § 856(a)(2), set forth in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The United States identified the Real Property as being subject to forfeiture in the Drug Forfeiture Allegation.

## Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Real Property, which is identified as directly forfeitable in the Indictment the United States now seeks a Restraining Order, restraining the transfer, alienation, concealment, or dissipation of the Real Property. As set forth in more detail below, the applicable forfeiture statute expressly authorizes this Court to issue such restraining orders. *See* 21 U.S.C. § 853(e)(1)(A).

### A. What is Forfeitable

The forfeiture statute applicable in this case is 21 U.S.C. § 853. Pursuant to 21 U.S.C. § 853, the United States is entitled to forfeit: any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The United States identified the Real Property, as such property, and the Grand Jury made a finding of probable cause.

### B. Post-Indictment Restraint

The plain language of the applicable forfeiture statute contemplates three circumstances in which the United States may apply for a restraining order to "preserve the availability of property" subject to criminal forfeiture. *See* 21 U.S.C. § 853(e)(1)-(2). Two of those are before an indictment or information is filed, and for which the statute provides for the entry of temporary restraining orders, *i.e.*, the statutory provision dictates an expiration date for a restraining order in two situations. *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2). First, the government may file an *ex parte* application for a restraining order prior to the filing of an indictment or information. Any order issued under those circumstances shall not be effective for more than 14 days unless extended for good cause shown or by agreement. *See* 21 U.S.C. § 853(e)(2). Second, the government may file an application for a restraining order, again before the filing of an indictment or information, after notice to persons appearing to have an interest in the property. *See* 21 U.S.C. § 853(e)(1)(B). The expiration of any restraining order issued under this scenario is not more than 90 days, unless extended by the court for good cause shown, "or unless an indictment or information charging [a violation for which forfeiture may be ordered and alleging that the property would be subject to forfeiture] has been filed." *Id.*

The third circumstance contemplated by 21 U.S.C. § 853(e) is applicable here: the issuance of a restraining order – with no expiration date – "upon the filing of an indictment or information charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture." 21 U.S.C. § 853(e)(1)(A). As detailed above, §§ 853(e)(1)(B) and 853(e)(2) expressly set time limitations on

pre-indictment/pre-information restraining orders, but there is no statutory time limitation on a restraining order issued *after* the return of an indictment or information.  *Id.*

Under the statutory scheme of § 853(e), whether or not a restraining order is temporary turns on whether an indictment or information has been filed.  Under § 853(e)(1)(B), a temporary (up to 90 days) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if an indictment or information is filed.  *See* 21 U.S.C. § 853(e)(1)(B)(ii) ("shall be effective for not more than ninety days, unless extended by the court for good cause shown, or unless an indictment or information has been filed.") (emphasis added).  Therefore, the return of an indictment allows issuance of a restraining order with no time limitations *or* the conversion of a pre-indictment temporary restraining order into a permanent one.  In addition, the statutory provisions that govern applications for pre-indictment temporary restraining orders specifically state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation).  *See* 21 U.S.C. §§ 853(e)(1)(B) and 853(e)(2).  In contrast, the statutory provision that governs post-indictment restraining orders contemplates *ex parte* applications because it does not mandate notice.  *See* 21 U.S.C. § 853(e)(1)(A).  *See also Nken v. Holder,* 129 S.Ct. 1749, 1756 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997).

Accordingly, this Court has the authority to issue both a restraining order and *lis pendens* against the Real Property to prevent the transfer and/or dissipation of the Real Property pending the adjudication of any third party interests.

## **CONCLUSION**

To preserve the *status quo* with respect to the Real Property, the United States requests that the Court allow its Motion for Post-Indictment Restraining Order and issue the proposed Order filed herewith.

                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

By:   */s/ Carol E. Head*
       CAROL E. HEAD, B.B.O. No. 652170
       MICHAEL CROWLEY
       Assistant United States Attorney
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Date: May 21, 2019                    carol.head@usdoj.gov